1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL TELEVISION LLC; UNIVERSAL CONTENT PRODUCTIONS LLC; DREAMWORKS ANIMATION LLC; DISNEY ENTERPRISES, INC.; PARAMOUNT PICTURES CORPORATION; AMAZON CONTENT SERVICES LLC; APPLE VIDEO PROGRAMMING LLC; WARNER BROS. ENTERTAINMENT INC.; NETFLIX US, LLC; COLUMBIA PICTURES INDUSTRIES, INC.; and, SCREEN GEMS, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>DWAYNE ANTHONY JOHNSON d/b/a ALLACCESSTV and QUALITY RESTREAMS; and DOES 1-20,<br><br>Defendants. | Case No. 2:21-cv-09361-AB (MRWx)<br><br>**[PROPOSED] PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Andre Birotte Jr.<br>Date: January 7, 2022<br>Time: 10:00 a.m.<br>Courtroom: 7B<br><br>Filed concurrently herewith:<br>(1) Motion for Preliminary Injunction<br>(2) Declaration of Jan Van Voorn<br>(3) Declaration of Steve Kang<br>(4) Declaration of Sean M. Sullivan<br><br>Action Filed: December 2, 2021<br>Trial Date: None Set |

Upon reviewing the legal argument and evidence filed by Plaintiffs Universal City Studios Productions LLLP, Universal City Studios LLC, Universal Television LLC, Universal Content Productions LLC, DreamWorks Animation LLC, Disney Enterprises, Inc., Paramount Pictures Corporation, Amazon Content Services LLC, Apple Video Programming LLC, Warner Bros. Entertainment Inc., Netflix US, LLC, Columbia Pictures Industries, Inc., and Screen Gems, Inc. (collectively, "Plaintiffs"), in support of their Motion for Preliminary Injunction ("Motion"); and having reviewed legal argument and evidence filed by Dwayne Anthony Johnson ("Johnson") d/b/a AllAccessTV ("AATV") and Quality Restreams, and DOES 1-20, the individuals or entities, who, along with Dwayne Anthony Johnson, own or operate the infringing services of AATV and Quality Restreams (collectively with Johnson, "Defendants") in opposition thereto; and having reviewed all reply materials and all argument of counsel; the Court **HEREBY FINDS AND ORDERS** as follows:

The standard for preliminary injunctive relief is met:

(1) Plaintiffs are likely to prevail on the merits of their claims that Defendants are engaging in both direct and secondary infringement of Plaintiffs' copyrighted works (the "Copyrighted Works").

(2) Plaintiffs are also likely to suffer irreparable harms if Defendants are not enjoined, including interference with Plaintiffs' ability to control their Copyrighted Works and interference with Plaintiffs' goodwill and relationships with licensees.

(3) The balance of hardships tips decidedly in Plaintiffs' favor. The threat of irreparable harm to Plaintiffs is substantial. Defendants, in contrast, cannot claim any legitimate hardship from being forced to desist from their infringing activities.

(4) The public interest also weighs in favor of issuing the preliminary injunction because it is served by upholding Plaintiffs' control over their copyrights.

Accordingly, Defendants, and all individuals who serve as Defendants'

officers, agents, servants, employees and attorneys, and other persons who are acting in active concert or participation with Defendants, their officers, agents, employees, and attorneys, **ARE HEREBY PRELIMINARLY RESTRAINED AND ENJOINED** as follows:

1. Defendants will no longer directly or secondarily, infringe any of Plaintiffs' Copyrighted Works, or any other works whose copyrights are owned or exclusively controlled by Plaintiffs and/or their affiliates, through any means including publicly performing, reproducing, or otherwise infringing in any manner (including without limitation by materially contributing to or intentionally inducing the infringement of) any right under 17 U.S.C § 106 in any of Plaintiffs' Copyrighted Works, or any or any other works whose copyrights are owned or exclusively controlled by Plaintiffs and/or their affiliates, by continuing to operate the AATV Platforms and Websites, or by any other means.

2. Defendants may not knowingly take any action for the purpose or that has the effect of circumventing the requirements of the Preliminary Injunction.

**IT IS FURTHER ORDERED** that NameCheap, Inc. and GoDaddy.com, LLC, the respective domain registrars for aatvdigitalmedia.com, aatvpanel.com, aatvapp.live, myaatv.com, aatvdigital.com, aatvwebplayer.com, allaccessiptv.com, allaccesstv.live, tv.allaccesstv.live, vod.allaccesstv.live, kids.allaccesstv.live, aatv.media, qualityrestreams.com, qsplaylist.com, qualitystreamz.guru, qsprovider.com, mediaflo.net, vpnsafevault.com, backoffice.vpnsafevault.com, and v2.dmdapi.com ("Infringing Domain Names"), as well as all others who receive notice of the Court's Order, are enjoined from allowing the Infringing Domain Names to be modified, sold, transferred to another owner, or deleted.  Such entities are further ordered to disable access to the Infringing Domain Names. As part of accomplishing this, these entities shall take the following steps:

1. Maintain unchanged the WHOIS or similar contact and identifying information as of the time of receipt of this Order and maintain the Infringing

1  Domain Names with the current registrar;

2      2.    Prevent transfer of the Infringing Domain Names and any further modification of any aspect of the domain registration records of the Infringing Domain Names by Defendants or third parties at the registrar or by other means; and

3      3.    Preserve all evidence that may be used to identify the persons using the Infringing Domain Names.

**IT IS FURTHER ORDERED**, that Plaintiffs may complete service of process on Defendants, and any resellers known to be acting in concert, of this Order by Overnight Mail.  Upon receipt of a copy of this Order, these individuals and entities shall cease directly or secondarily infringing any of Plaintiffs' Copyrighted Works, or any other works whose copyrights are owned or exclusively controlled by Plaintiffs and/or their affliates, through any means including publicly performing, reproducing, or otherwise infringing in any manner (including without limitation by materially contributing to or intentionally inducing the infringement of) any right under 17 U.S.C § 106 in any of Plaintiffs' Copyrighted Works, or any other works whose copyrights are owned or controlled by Plaintiffs and/or their affliates, by continuing to provide access to the AATV Platforms and Websites.

DATED:

                                                  By: _____
                                                     Hon. Andre Birotte Jr.
                                                 United States District Court Judge