1  ELIZABETH A. MCNAMARA (*Pro Hac Vice*)
     lizmcnamara@dwt.com
2  DAVIS WRIGHT TREMAINE LLP
   1251 Avenue of the Americas, 21st Floor
3  New York, New York 10020
   Telephone: (212) 603-6437
4  Fax: (212) 489-8340

5  SEAN M. SULLIVAN (CA State Bar No. 229104)
     seansullivan@dwt.com
6  SAMANTHA LACHMAN (CA State Bar No. 331969)
     samlachman@dwt.com
7  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
8  Los Angeles, California 90017-2566
   Telephone: (213) 633-6800
9  Fax: (213) 633-6899

10 Attorneys for Plaintiffs

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14                            WESTERN DIVISION

15 | UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL TELEVISION LLC; UNIVERSAL CONTENT PRODUCTIONS LLC; DREAMWORKS ANIMATION LLC; DISNEY ENTERPRISES, INC.; PARAMOUNT PICTURES CORPORATION; AMAZON CONTENT SERVICES LLC; APPLE VIDEO PROGRAMMING LLC; WARNER BROS. ENTERTAINMENT INC.; NETFLIX US, LLC; COLUMBIA PICTURES INDUSTRIES, INC.; and SCREEN GEMS, INC., | Case No. **2:21-cv-09361-AB (MRWx)**

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S "OPPOSED MOTION" FOR PRELIMINARY INJUNCTION AND DEFENDANT'S DEADLINE FOR RESPONSE TO COMPLAINT**

Assigned to the Hon. Andre Birotte, Jr.

Action Filed: December 2, 2021

                  Plaintiffs,

       vs.

DWAYNE ANTHONY JOHNSON d/b/a ALLACCESSTV and QUALITY RESTREAMS; and DOES 1-20,

                  Defendants.

1  Plaintiffs Universal City Studios Productions LLLP, Universal City Studios LLC, Universal Television LLC, Universal Content Productions LLC, DreamWorks Animation LLC, Disney Enterprises, Inc., Paramount Pictures Corporation, Amazon Content Services LLC, Apple Video Programming LLC, Warner Bros. Entertainment Inc., Netflix US, LLC, Columbia Pictures Industries, Inc., and Screen Gems, Inc. (collectively, "Plaintiffs") oppose Defendant Dwayne Anthony Johnson d/b/a AllAccessTV and Quality Restreams's ("Defendant") request for a further extension to respond to Plaintiffs' Motion for Preliminary Injunction ("Motion") and postpone Defendant's deadline to respond to Plaintiff's Complaint for the following reasons:

This action involves unauthorized online streaming services that engage in mass-scale infringement of Plaintiffs' copyrighted works.  Plaintiffs filed their Motion seeking to enjoin the activities of Defendant over a month and a half ago.  This is Defendant's second request to move the hearing date on the Motion and extend the time for Defendant to respond to the Motion.  Plaintiffs remain willing to engage in meaningful discussions with Defendant to explore options for resolving the matter entirely.  But Plaintiffs cannot do so while the threat remains that Defendant will continue his infringing activities, either alone, or through others associated or working in active concert with him or his business enterprises.  To do so would unfairly prejudice Plaintiffs.

Accordingly, Plaintiffs oppose Defendant's request to (1) continue the hearing on Plaintiffs' Motion for a Preliminary Injunction and (2) postpone Defendant's deadline to respond to Plaintiffs' Complaint, Dkt. No. 26 (the "Application"), until such time as they can be assured they will not be prejudiced in the interim.[1]

---

[1] As discussed further below, in responding to Defendant's request, Plaintiffs have elected to treat Defendant's filing as an ex parte application, rather than a motion. Defendant styled his filing as a "Motion," but did not select a hearing date, nor could he select a hearing date that would precede the current hearing date on Plaintiffs' Motion.  *See* L.R. 6-1.  Further, while Plaintiffs do not rely on this ground alone to oppose Defendant's request, Plaintiffs note that Defendant did not even attempt to comply with rules governing the filing of ex parte applications found in this Court's Standing Order or the Local Rules.

1
OPPOSITION TO "OPPOSED MOTION" TO CONTINUE
4889-4167-0411v.1 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### A. Plaintiffs Would Be Prejudiced By Further Delay Without Commitments from Defendant Regarding the Scope of Injunctive Relief

Plaintiffs are generally not opposed to reasonable continuances and agree with the principle, expressed in the Court's Standing Order, that "professional courtesy dictates that parties work cooperatively to resolve calendar conflicts and especially to avoid motion work simply to adjust dates." Dkt. No. 13, Section 16. Indeed, Plaintiffs already stipulated to Defendant's first request to postpone the hearing on the preliminary injunction motion. Dkt. No. 22; Declaration of Sean M. Sullivan ("Sullivan Decl.") ¶ 5.

But the grounds for why a preliminary injunction here is warranted still exist, absent an agreement from Defendant to enjoin illegal activity. *See Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F.Supp.2d 1003, 1012 (C.D. Cal. 2011) (where defendants operate an "infringing service without the normal licensing restrictions imposed by Plaintiffs, [it] interfere[s] with Plaintiffs' ability to control the use and transmission of their Copyrighted works, thereby, causing irreparable injury."). Defendant has refused to agree, even in principle, to restrictions on his activities (along with those acting in concert with him) that would prevent such illegal activities during the requested extension.

When Defendant's counsel approached Plaintiffs' counsel with a proposal to enter into a stipulated preliminary injunction in lieu of full briefing on Plaintiffs' Motion, Plaintiffs fully engaged in the discussions in good faith. In response, Plaintiffs consistently maintained that they could only agree to an extension on briefing as long as the parties had an understanding on certain core principles relating to the contemplated stipulated preliminary injunction. *Id*. ¶ 7. The reason for this is simple; each day that Defendant is permitted (whether by himself or through those associated with or working in active concert with him) to continue to operate his mass-scale infringing activities without restriction only serves to further

2
OPPOSITION TO "OPPOSED MOTION" TO CONTINUE
4889-4167-0411v.1 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

harm Plaintiffs.  This is precisely the reason Plaintiffs filed their Motion seeking a preliminary injunction.

One core principle Plaintiffs have insisted upon from the outset is that any proposed stipulated injunction must restrain not just Defendant Dwayne Anthony Johnson, but also any other individuals or entities, who, along with him, own or operate AllAccessTV and Quality Restreams or were or are acting in active concert or participation with Defendant and those business entities.  *Id*.  This restriction is consistent with the relief sought by Plaintiffs in their Motion and injunctive relief in general.  Dkt. No. 14.  This restriction not only serves to stop any continuing infringing activity, but also serves to ensure that no further actions are taken to obscure or modify any of the existing ownership structure of the entities and operations in such a way as to shield Defendant personally from liability.

Although Defendant affirmed agreement on some other core terms of a proposed stipulated injunction, Defendant has resisted this standard term.  Sullivan Decl. ¶ 8.  Instead, Defendant provided a draft stipulated injunction that would cover his conduct alone; in other words, only Defendant personally would be enjoined from operating or doing business as AllAccessTV and Quality Restreams and only Defendant personally would be restrained from transferring or modifying any of the domains at issue.  *Id*. ¶ 6.

Defendant's position exposes Plaintiffs to obvious prejudice:  absent an agreement over the scope of the injunction during the pendency of a further extension, any individual or entity affiliated with Defendant would be free to continue and move the business operations at issue to other domains or otherwise obscure their role in the illegal infringement that is the subject of this lawsuit.  There would be no restriction on other individuals (including family members) further infringing and/or circumventing the requirements of the preliminary injunction, including preserving evidence.

3
OPPOSITION TO "OPPOSED MOTION" TO CONTINUE
4889-4167-0411v.1 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs' concerns are not unfounded. Days after Plaintiffs filed their Complaint, the public registry information for one domain that is subject to this lawsuit, allaccessiptv.com, was changed so that it no longer lists Defendant as the registrant, but instead makes all registrant information private. *Id.* ¶ 9; Declaration of Jan Van Voorn, Dkt. No. 16 ¶ 14, Exs. 1-2.

Thus, because Plaintiffs could suffer very real harm in the absence of injunctive relief that applies not just to Defendant, but to those individuals or entities, who, along with him, own or operate AllAccessTV and Quality Restreams or were or are acting in active concert or participation with Defendant and those business entities, Defendant's request for a continuance of the hearing on Plaintiffs' Motion and to postpone Defendant's deadline to respond to the Complaint should be denied.

### B. Defendant's Application Is Procedurally Defective

Although styled as an "opposed motion," Defendant's brief fails to comply with the rules governing the submission of motions: it lacks a motion hearing date and a memorandum of points and authorities. C.D. Cal. L.R. 7-4, 7-5. Accordingly, Plaintiffs have responded to Defendant's brief as if it were an ex parte application.

This Court's procedures found on the Court's website, https://www.cacd.uscourts.gov/honorable-andr%C3%A9-birotte-jr, permit ex parte applications for routine exceptions to the Local Rules. All other ex parte applications are solely for extraordinary relief. *See id.* and Dkt. No. 13 at Section 14. Defendant does not argue that he is seeking extraordinary relief. Even assuming the relief sought by Defendant here qualifies as a routine exception to the Local Rules, Defendant's ex parte application is improper for a number of substantive and procedural reasons:

- **Defendant is at fault.** As an initial matter, "it must be established that the moving party is without fault in creating the crisis that requires ex

4
OPPOSITION TO "OPPOSED MOTION" TO CONTINUE
4889-4167-0411v.1 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Defendant is at fault because he has had well over a month to prepare an opposition to Plaintiffs' Motion and still has time to respond to the Complaint. Defendant's response to the Complaint is not even due until February 14, 2022. While the parties have been engaged in discussions in an attempt to avoid briefing on Plaintiffs' Motion, Plaintiffs have consistently maintained their position that they could only agree to an extension if certain conditions were met that satisfied them they could avoid harm in the interim. Defendant provides no explanation for his delay while such uncertainty existed, and does not explain why he cannot prepare a response to the Complaint in the weeks remaining before it is due. This ex parte application arises purely from circumstances of Defendant's own making.

- **Defendant Failed to Follow Procedures for an Ex Parte Application.** Section 14 of this Court's Standing Order and Local Rule 7-19 impose certain requirements on parties seeking ex parte relief. Defendant complied with none of them, including failing to provide counsel for Plaintiffs' contact information in its brief and failing to provide notice to Plaintiffs of when their response would be due.

///

5
OPPOSITION TO "OPPOSED MOTION" TO CONTINUE
4889-4167-0411v.1 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### C. Conclusion

Plaintiffs remain willing to continue to work to resolve this case with Defendant. But Defendant's desire for a further extension should not prevent entry of a preliminary injunction that protects against infringing activity and other actions that may prejudice Plaintiffs. As Plaintiffs repeatedly explained to Defendant, if Defendant is willing to affirm the scope of the proposed preliminary injunction, then Plaintiffs remain willing to discuss a reasonable extension.

DATED: January 28, 2022

DAVIS WRIGHT TREMAINE LLP
ELIZABETH A. MCNAMARA
SEAN M. SULLIVAN
SAMANTHA LACHMAN

By: */s/ Sean M. Sullivan*
　　　Sean M. Sullivan

Sean M. Sullivan
Samantha Lachman
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566

Elizabeth A. McNamara
DAVIS WRIGHT TREMAINE LLP
1251 Ave. of the Americas, 21st Floor
New York, New York 10020

Attorneys for Plaintiffs

6
OPPOSITION TO "OPPOSED MOTION" TO CONTINUE
4889-4167-0411v.1 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899