John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wilsonlegalgroup.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice Applications Pending

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 310-858-5574
(F): 310-207-4180

**Attorneys for Defendant Dwayne Anthony Johnson d/b/a AllAccessTV and Quality Restreams**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> DWAYNE ANTHONY JOHNSON d/b/a ALLACCESSTV and QUALITY RESTREAMS; and DOES 1-20, <br><br> Defendants. | **Case No. 2:21-cv-09361-AB (MRWx)** <br><br> **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS** <br><br> Current Hearing Date: <br> February 18, 2022, 10:00 a.m. <br><br> Proposed Hearing Date: <br> April 22, 2022, 10:00 a.m. <br><br> Judge:  Hon. Andre Birotte Jr. <br><br> Action Filed: December 2, 2021 <br> Trial Date:   None Set |

Defendant Dwayne Anthony Johnson d/b/a ALLACCESSTV and Quality Restreams ("Defendant")[1] files this Response in Opposition to Plaintiffs Universal City Studios Productions LLLP ("UCSP"), Universal City Studios LLC (formerly known as Universal City Studios LLLP and Universal City Studios, Inc.) ("UCS"), Universal Television LLC (formerly known as NBC Studios, Inc.) ("UT"), Universal Content Productions LLC (formerly known as Universal Network Television LLC) ("UCP"), DreamWorks Animation LLC ("DreamWorks"), Disney Enterprises, Inc. ("Disney"), Paramount Pictures Corporation ("Paramount"), Amazon Content Services LLC ("Amazon"), Apple Video Programming LLC ("Apple"), Warner Bros. Entertainment Inc. ("Warner Bros."), Netflix US, LLC ("Netflix"), Columbia Pictures Industries, Inc. ("Columbia"), Screen Gems, Inc.'s ("Screen Gems") (collectively "Plaintiffs") Motion for Preliminary Injunction and accompanying declarations, exhibits and proposed order (collectively "Motion"). Dkt. Nos. 14 -17.

For the reasons set forth herein, Defendant Johnson opposes Plaintiffs' Motion as there can be no irreparable harm and Plaintiffs are not likely to prevail on the merits of their claims. Plaintiffs' "evidence" of direct infringement is largely based on the allegation that Dwayne Johnson is doing business as ALLACCESSTV and/or Quality Restreams and that the continuation of Johnson doing such business will cause them irreparable harm. Because there is no evidence that there is even any such activity to enjoin, there can be no irreparable harm to Plaintiffs that would justify an injunction. The requested preliminary injunction must also be denied because Plaintiffs have no evidence whatsoever of the underlying acts of direct

---

[1] Defendant cannot and does not respond to the Motion on behalf of: 1) DOES 1-20 identified in the style of the case and defined by Plaintiffs as "the individuals or entities, who, along with Dwayne Anthony Johnson, own or operate the infringing services of AATV and Quality Restreams"; or 2) "all individuals acting in concert or participation or privity with them, including Defendants' resellers."

infringement required for their claims of secondary copyright infringement, i.e., contributory and inducing infringement. Without an attempt to prove the underlying acts, there can simply be no finding that Plaintiffs are likely to prevail on the merits of their secondary infringement claims.

Defendant also sets forth below its evidentiary objections to the evidence submitted with the Motion. Defendant objects to the declaration submitted by the Motion Picture Association, as critical information is redacted, the declaration and evidence do not contain indicia of reliability, and the Van Voorn Declaration contains inaccurate, biased opinions. Further, Van Voorn cannot be considered an expert, as his opinions are not those of an independent third party. Defendant also objects to the declaration of Steve Kang of NBCUniversal, which purports to be submitted as evidence on behalf of all Plaintiffs, including ones for whom he is not employed and has not demonstrated any direct knowledge. This leaves the remainder of the non-Universal Plaintiffs with no evidence whatsoever of irreparable harm and Plaintiffs are, therefore, not likely to prevail on the merits.

Plaintiffs seek prospective injunctive relief based on inaccurate assertions and legally unsupportable allegations. Defendant respectfully requests that the Court deny Plaintiffs' Motion.

## I.   ARGUMENTS AND AUTHORITIES

### A.   *There are No Ongoing and Threatened Harms to Warrant an Injunction.*

Plaintiffs accuse Defendants of two things – violating their rights to publicly perform and reproduce their "Copyrighted Works" as defined in the Complaint. *See* Dkt. No. 1, 1-1. Specifically, Defendant's alleged public performance is streaming the copyrighted content to end users and Defendant's alleged reproduction is making copies of the Copyrighted Works to provide content to end users on demand. *See, e.g.,* Dkt. No. 1 at 5-6.

In support of their "public performance" allegations, Plaintiffs and the Motion Picture Association's declarant – Van Voorn – state in the Motion that Defendant uses certain Internet domains in "their infringing enterprises." *See* Dkt. No. 14 at 3. And Plaintiffs claim that Defendant's "subscribers access infringing content through web-based applications." But Plaintiffs' only evidence of this alleged access are screenshots that do not show any URLs whatsoever, i.e., no actual evidence that the websites accused contain the alleged content. This is critical, as without that identifying URL information being shown, there is no way to verify the claims in Plaintiffs' Motion and in Van Voorn's Declaration. *See, e.g.,* Dkt. No. 16, Exhibits 3-5, 7, 10-12, and 14-21. This "evidence" is not proper as described further below in Defendant's evidentiary objections to Plaintiffs' declarations and exhibits and cannot support issuance of a preliminary injunction. Indeed, by way of example only, Van Voorn admits that "aatvpanel.com appears to recently have been taken offline by Defendants." While there is no support for this statement other than his conclusory allegation about it having been "taken offline by Defendant," the point is that it is offline. And, as further discussed below, a cursory public search of the landing pages of these domains indicates that none of the alleged infringing domains actually "stream and provide content" or even contain any content at all relating to the Copyrighted Works. Yet Plaintiffs persist in their request that aatvpanel.com and other offline domains (including those not identified in their evidence) are ongoing threats to Plaintiffs. There is simply no evidence for this assertion and no basis for an injunction.

Likewise, Plaintiffs have no evidence whatsoever of unauthorized copying of any copyrighted works and only allege that this must be the case based on the Motion Picture Association declarant's "experience" and "familiarity." *See, e.g.*, Dkt. No. 16, ¶¶ 35, 38; Dkt. No. 14 at 7. The Motion also states that "Defendants currently offer over 600 movie titles and 600 television series," citing only Paragraph 37 of

the Van Voorn Declaration, which contains no evidence or exhibits. These are simply bald assertions by Plaintiffs and the Motion Picture Association.

### B. Plaintiffs are not Likely to Prevail on the Merits of Secondary Infringement Claims.

In order to prove contributory and inducing infringement, there must be an act of direct infringement underlying the secondary infringement. "One infringes contributorily by intentionally inducing or encouraging *direct infringement*, and infringes vicariously by profiting from *direct infringement* while declining to exercise a right to stop or limit it." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007) (emphasis added) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 930 (2005)). In other words, "[s]econdary liability for copyright infringement does not exist in the absence of direct infringement by a third party." *Id.*

Plaintiffs' Complaint for Copyright Infringement and the instant Motion relating to secondary infringement are a constantly moving target of allegations in this regard. Plaintiffs shift from the third-party direct infringer being the end user (i.e., the viewer of a stream), and in Plaintiffs' next breath, the direct infringer is the unknown *source* of a restream of Internet Protocol television ("IPTV"). Or in some instances, Plaintiffs appear to vaguely allege a combination of the two. And Plaintiffs do not provide evidence to show direct infringement by either the end users or the unknown source of a restream. The Ninth Circuit has held that viewing copyrighted material online, without downloading, copying, or retransmitting such material is not copyright infringement. *Perfect 10*, 508 F.3d at 1169. That would remove the end user as a possible direct infringer for purposes of finding Defendant secondarily liable for copyright infringement. And Plaintiffs provide no evidence for the Court or Defendant to assess regarding any direct infringement by the unknown *source* of a restream of IPTV.

### C. The Parties to Whom Plaintiffs' Proposed Injunction is Directed are Improper.

Plaintiffs' request for preliminary injunctive relief against "Defendants" as well as additional unknown parties not included within that definition is misdirected and overly broad. Plaintiffs define "Defendants" as "Defendants Dwayne Anthony Johnson ('Johnson') d/b/a AllAccessTV ('AATV') and Quality Restreams, and the individuals or entities, who, along with Dwayne Anthony Johnson, own or operate the infringing services of AATV and Quality Restreams (collectively with Johnson, 'Defendants'), and all individuals acting in concert or participation or privity with them, including Defendants' resellers." Dkt. No. 14 at 2. As previously noted, Dwayne Johnson cannot and does not respond to the Motion on behalf of DOES 1-20 or the "individuals acting in concert or participation or privity with them, including Defendants' resellers," which exceeds Plaintiffs' own definition of "Defendants."

Dwayne Johnson does not personally have any "officers, agents, servants, employees" for purposes of an injunction. Plaintiffs have no support for their allegation that Dwayne Johnson is doing business as AllAccessTV or Quality Restreams. As such, there are no "officers, agents, servants, employees" of AllAccessTV or Quality Restreams to be enjoined and Plaintiffs have not proved otherwise or demonstrated that they are likely to prevail on the merits in this regard. Also, an injunction against Dwayne Johnson's "attorneys" is completely unsupported and borders on the absurd. Undersigned counsel, for example, has not been and cannot be accused of infringing any of Plaintiffs' copyrights. There is no legitimate argument or assertion in this regard and Plaintiffs' requested injunction as to Dwayne Johnson's "attorneys" must not be granted.

In their overreaching request for injunctive relief, Plaintiffs have also attempted to implicate in this case and in their Motion the rights of an entity called

VPN Safe Vault LLC ("VPN Safe Vault") without making them a party to the case. This is of serious concern. For clarity, VPN Safe Vault *has not been named as a defendant in this action*. Plaintiffs are clearly aware of the entity but do not have evidence that VPN Safe Vault is participating in any of the activities that they allege constitute copyright infringement. Further, the balance of hardships element cannot be met by Plaintiffs with respect to VPN Safe Vault (a non-party) and its domains, as an injunction in this regard would be an unlawful restraint on trade as to that entity, which sells VPN access that is not even arguably copyright infringement. Plaintiffs clearly had no good faith basis to make VPN Safe Vault a party to this case and most certainly have no basis for an injunction as to this entity and its domains.

The Van Voorn Declaration contains the following conclusory and unsupported statement: "Defendants currently sell AATV subscriptions via the site backoffice.vpnsafevault.com." Dkt. No. 16, ¶ 19. Van Voorn goes on to declare, with no cited evidentiary support, that: "Currently, Defendants sell AATV subscriptions through backoffice.vpnsafevault.com, a website that is stripped of all AATV branding and designed to appear like it sells VPN software to consumers. However, Defendants are actually selling subscriptions to their AATV service through this site." *Id*. at ¶ 26. Despite these and the remainder of the allegations about VPN Safe Vault, Van Voorn and Plaintiffs attach no documents supporting this theory or their statements in this regard. The only "evidence" that Plaintiffs have attached to the Van Voorn declaration relating to VPN Safe Vault are screenshots of the VPN Safe Vault website that show users' ability to pay for and access a virtual private network ("VPN"). A VPN is a computer network that provides online privacy by creating an encrypted connection on the Internet. There is no allegation that any VPN, in and of itself, violates Plaintiffs' copyrights.

VPN Safe Vault is not a party to this case and has not been accused of copyright infringement in any actionable way. Yet Plaintiffs seek to shut down two

domains associated with this entity—based on no evidence whatsoever. Such an injunction against VPN Safe Vault would be contrary to the pleadings, evidence, and the law, not the least of which would be significant due process considerations.

Plaintiffs' overly broad request for a preliminary injunction should be denied.

## II. EVIDENTIARY OBJECTIONS TO PLAINTIFFS' DECLARATIONS AND EXHIBITS

### A. *Objections to the Van Voorn Declaration.*

Defendant objects to the declaration submitted by Plaintiffs from the Motion Picture Association in its entirety, as critical information is redacted, the declaration and evidence do not contain indicia of reliability, and the declaration contains inaccurate, biased opinions based on the declarant's "expertise." The declarant, Van Voorn, however, cannot be an expert as he is not an independent third-party. He is an investigator with the Motion Picture Association who is not a party to this case but who is admittedly interested in this litigation. *See, e.g.*, Dkt. No. 16, ¶¶ 1-4. Van Voorn himself declares that Plaintiffs are members of a "global coalition of leading stakeholders in the distribution ecosystem committed to protecting the growing legal dissemination of creative content and addressing the challenges of online piracy" … and that the Motion Picture Association contributes to the work of that initiative. Dkt. No. 16, ¶¶ 1-4. Van Voorn cannot be considered an expert and his "opinions" are not those of an unbiased, independent third party.

The Van Voorn Declaration contains assertions based on exhibits and otherwise that are improperly redacted and/or do not establish any kind of timeframe. Defendant objects to Exhibit 1 to the Van Voorn Declaration as it does not indicate any current evidence that Defendant owns the allaccessiptv.com domain. Indeed, the evidence Plaintiffs and Van Voorn submit shows that the registration for this domain had an expiration date of March 23, 2018. *See* Dkt. No. 16-1. This does not in any way support Plaintiffs' request for injunctive relief and

undermines their arguments as to "ongoing and threatened harms." Dkt. No. 14 at 1. Despite the speculation in the Motion and the Van Voorn Declaration, Plaintiffs cannot and do not have any evidence that these domains are owned by Dwayne Johnson. This is a huge issue with Plaintiffs' request for injunction.

Defendant also objects to Exhibit 2 to the Van Voorn Declaration, as it does not contain any evidence of the request made by Van Voorn to Domains by Proxy and also does not contain any date or timeframe whatsoever on the reply from Domains by Proxy. This information has either been withheld (as to the initial request) or not included in the screenshot (as to the reply). *See* Dkt. No. 16-2. Such intentionally incomplete or missing documentation cannot suffice to show a connection between Defendant and this domain and certainly does not support Plaintiffs' arguments that an injunction is necessary to avoid irreparable harm or "ongoing and threatened harms" on this basis.

Defendant objects to the exhibits accompanying the Van Voorn Declaration that are allegedly screenshots of websites that do not show the URL from which they were taken. This is critical information in a case about Internet Protocol television and where Plaintiffs are seeking an injunction based on activities at specific websites. Defendant objects to Exhibits 3-5, 7, 10-12, and 14-21 of the Van Voorn Declaration at least on this basis.

Defendant also objects to the numerous inaccuracies included in the Van Voorn Declaration relating to Quality Restreams, for example. Van Voorn states Dwayne Johnson "is the owner of Quality Restreams…" *See, e.g.,* Dkt. No. 16, ¶ 13. Van Voorn goes on to state that "AATV obtains its content from Quality Restreams" and other undocumented and unsupported allegations regarding Quality Restreams. *See, e.g.*, Dkt. No. 16, ¶¶ 40-42. Notably absent from Plaintiffs' Motion and the Van Voorn Declaration is the fact that the website qualityrestreams.com, which is included in Plaintiffs' list of "infringing" domains for requested shutdown, actually

8

contains links that redirect to YouTube TV, Hallmark Movies Now, and Hulu. Plaintiffs have offered no evidence that this domain has anything to do with Dwayne Johnson and the easily accessible public website indicates that it does not. Van Voorn goes on to declare that "Quality Restreams uses several disparate domains in order to stream and provide content to IPTV operators, including qualityrestreams.com, qsplaylist.com, qualitystreamz.guru, and qsprovider.com." Dkt. No. 16, ¶ 41. A cursory public search of the landing pages of these domains indicates that none of them "stream and provide content" at all or even contain any content whatsoever. Defendant asks the Court to take judicial notice of these public facts.

Defendant objects to Van Voorn's assertion in his declaration that: "In order to download and access the AATV Platforms, a subscriber must text message Defendants' '24/7 text support line' and connect with an AATV tech support agent." *See* Dkt. No., ¶ 28. There is no identification of the alleged "24/7 text support line" that may have been contacted. There are no screenshots of any text messages provided. Plain and simple, the veracity of this allegation cannot be tested by either Defendant or the Court, it has no evidentiary value, and cannot form the basis for injunctive relief. The same is true for the remainder of the allegations in Paragraph 28 of the Van Voorn Declaration. Van Voorn also casually states that certain things are true "regardless of which site users use." There is no evidence provided, only assertions of an interested witness, and Defendant objects to them accordingly.

### B. Objections to the Kang Declaration.

Defendant also objects to the declaration submitted by Steve Kang of NBCUniversal, which purports to be on behalf of all Plaintiffs, including ones for whom he is not employed and has not established or shown any direct knowledge. Kang states that his knowledge is based on "publicly available sources such as industry publications and the media," but no such information is cited or provided

to show the reliability of any of his alleged "general knowledge" as to the other non-Universal Plaintiffs in this matter. *See* Dkt. No. 15, ¶¶ 1-3, ¶ 9 (regarding other Plaintiffs in this matter"), ¶ 13 ("as with other Plaintiffs"), ¶ 17 ("the relevant copyright holders"), ¶ 18 ("the business of other similarly situated studios"), ¶ 22 (citing but not providing public information as to "other Plaintiffs"), ¶ 38 (stating that the harms to other Plaintiffs are "comparably imminent and irreparable"). These are merely examples of the alleged knowledge of the NBCUniversal executive to which Defendant objects as being outside his realm of knowledge and/or without provision of the sources of the alleged knowledge. Non-Universal Plaintiffs must not be permitted to rely on the statements made by a Universal declarant to establish the harm necessary for issuance of the requested injunction.

### III.   CONCLUSION AND PRAYER

Defendant respectfully prays that the Court deny Plaintiffs' Motion for Preliminary Injunction on the bases set forth herein.

**DATED**: January 28, 2022       Respectfully submitted,

> By: */s/ Glenn T. Litwak*
> Glenn T. Litwak
>
> John T. Wilson*
> Texas Bar No. 24008284
> Jennifer M. Rynell*
> Texas Bar No. 24033025
> eservice@wilsonlegalgroup.com
> **WILSON WHITAKER RYNELL**
> Wilson Legal Group P.C.
> 16610 Dallas Parkway, Suite 1000
> Dallas, Texas 75248
> (T) 972-248-8080
> (F) 972-248-8088
> *Pro Hac Vice
> Applications Pending*

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
LAW OFFICES OF GLENN T. LITWAK
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 310-858-5574
(F): 310-207-4180

**ATTORNEYS FOR DEFENDANT DWAYNE ANTHONY JOHNSON d/b/a ALLACCESSTV AND QUALITY RESTREAMS**

# PROOF OF SERVICE BY ELECTRONIC MAIL

I am employed in the County of Dallas, State of Texas. I am over the age of 18 and not a party to the above-referenced action. My business address is Wilson Whitaker Rynell, Wilson Legal Group, P.C., 16610 Dallas Parkway, Suite 1000, Dallas, Texas 75248.

On January 28, 2022, I served the foregoing document(s) described as:

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS** by forwarding a portable document file to the electronic mail address(es) below:

Elizabeth A. McNamara (Pro Hac Vice)
lizmcnamara@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 603-6437
Fax: (212) 489-8340

Sean M. Sullivan (CA State Bar No. 229104)
seansullivan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiffs

**FROM ELECTRONIC MAIL ADDRESS** jennifer@wilsonlegalgroup.com at 16610 Dallas Parkway, Suite 1000, Dallas, Texas 75248.

Executed on January 28, 2022, at Dallas, Texas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and I am a member of this bar, an employee of member of the bar at whose direction this service was made, or have been admitted (and/or filed to be admitted) *pro hac vice*.

Jennifer M. Rynell