ELIZABETH A. MCNAMARA (*Pro Hac Vice*)
 lizmcnamara@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 603-6437
Fax: (212) 489-8340

SEAN M. SULLIVAN (CA State Bar No. 229104)
 seansullivan@dwt.com
SAMANTHA LACHMAN (CA State Bar No. 331969)
 samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL TELEVISION LLC; UNIVERSAL CONTENT PRODUCTIONS LLC; DREAMWORKS ANIMATION LLC; DISNEY ENTERPRISES, INC.; PARAMOUNT PICTURES CORPORATION; AMAZON CONTENT SERVICES LLC; APPLE VIDEO PROGRAMMING LLC; WARNER BROS. ENTERTAINMENT INC.; NETFLIX US, LLC; COLUMBIA PICTURES INDUSTRIES, INC.; and SCREEN GEMS, INC., <br><br>Plaintiffs, <br><br>vs. <br><br>DWAYNE ANTHONY JOHNSON d/b/a ALLACCESSTV and QUALITY RESTREAMS; and DOES 1-20, <br><br>Defendants. | Case No. **2:21-cv-09361-AB (MRWx)** <br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** <br><br>Date:  February 18, 2022 <br>Time:  10:00 a.m. <br>Ctrm.:  7B <br><br>Filed concurrently with Supplemental Declaration of Jan Van Voorn <br><br>Assigned to the Hon. Andre Birotte, Jr. <br><br>Action Filed: December 2, 2021 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................. 1

II. PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION SHOULD BE GRANTED ......................................................................... 1

    A. Defendant Concedes the Balance of Hardships Tip in Plaintiffs' Favor and an Injunction Serves the Public Interest ............................. 1

    B. Defendant Ignores or Misconstrues the Legal and Evidentiary Bases for Plaintiffs' Likelihood of Success on the Merits .................. 2

        1. Plaintiffs Submitted Ample Evidence that Defendant Publicly Performs and Reproduces Plaintiffs' Copyrighted Works ............................................................................. 2

        2. Defendant Has Not Refuted Substantial Evidence of Secondary Infringement ............................................................ 4

        3. The Injunction is Directed Appropriately at Defendant and Those Who Act in Concert with Him ......................................... 5

            (i) AATV and Quality Restreams ........................................ 6

            (ii) Resellers ........................................................................ 7

            (iii) VPN Safe Vault LLC ..................................................... 8

    C. Plaintiffs Are Still Likely to Suffer Irreparable Harm Absent Preliminary Relief Despite Certain Domains Being Taken Offline ................................................................................................. 9

    D. Defendant's "Evidentiary Objections" Lack Merit and Can Be Quickly Overruled ............................................................................ 10

        1. The Voorn Declaration Supports Plaintiffs' Claims of Copyright Infringement ............................................................ 11

        2. The Kang Declaration Supports Plaintiffs' Arguments Regarding Irreparable Harm .......................................................... 14

III. CONCLUSION .................................................................................................... 15

i

REPLY ISO MOTION FOR PRELIMINARY INJUNCTION

4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Adarand Constructors, Inc. v. Slater*,
  528 U.S. 216 (2000) (per curiam) .................................................................. 10

*Am. Hotel & Lodging Ass'n v. City of Los Angeles*,
  119 F. Supp. 3d 1177 (C.D. Cal. 2015) ........................................................... 12

*Arista Records LLC v. Lime Grp. LLC*,
  No. 06 CV 5936 (KMW), 2011 WL 1641978 (S.D.N.Y. Apr. 29,
  2011) ................................................................................................................ 11

*Arista Records LLC v. Usenet.com, Inc.*,
  633 F. Supp. 2d 124 (S.D.N.Y. 2009) .............................................................. 11

*Columbia Pictures Indus., Inc. v. Fung*,
  710 F.3d 1020 (2013) ......................................................................................... 5

*Columbia Pictures Indus., Inc. v. Galindo*,
  No. 2:20-cv-03129-SVW-GJS, 2020 WL 3124347 (C.D. Cal. May
  11, 2020) .................................................................................................... 10, 11

*Disney Enters., Inc. v. VidAngel, Inc.*,
  869 F.3d 848 (9th Cir. 2017) .............................................................. 2, 14, 15

*Fox Television Stations, Inc. v. FilmOn X LCC*,
  966 F. Supp. 2d 30 (D.D.C. 2013) ................................................................... 15

*Johnson v. Couturier*,
  572 F.3d 1067 (9th Cir. 2009) ......................................................................... 11

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005) ........................................................................................... 5

*Perfect 10, Inc. v. Amazon.com, Inc.*,
  508 F.3d 1146 (9th Cir. 2007) ........................................................................... 4

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
  802 F. Supp. 2d 1125 (C.D. Cal. 2011) ............................................................. 2

ii
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Univ. of Texas v. Camenisch*,
    451 U.S. 390 (1981) ............................................................................................... 11

*Universal City Studios Prods. LLLP v. TickBox TV LLC*,
    No. CV 17-74960MWF, 2018 WL 1568698 (C.D. Cal. Jan. 30,
    2018) ............................................................................................................. *passim*

*Virtue Global Holdings Ltd. v. Rearden LLC*,
    No. 15-cv-00797-JST, 2016 WL 9045855 (N.D. Cal. June 17, 2016) .................. 8

**Statutes**

17 U.S.C.
    § 106(1) ................................................................................................................ 2
    § 106(4) ................................................................................................................ 2
    §§ 201-216 ........................................................................................................... 5

**Rules**

Federal Rule of Civil Procedure 65 ............................................................................. 9

Federal Rule of Civil Procedure 65(d)(2)(C) .............................................................. 8

Federal Rule of Evidence 602 ................................................................................... 14

iii
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Absent from Defendant's Opposition is any attempt to dispute the fundamental basis for issuing a preliminary injunction here: AllAccessTV ("AATV") and Quality Restreams are operating unauthorized online streaming services that are engaging in mass-scale infringement of hundreds if not thousands of Plaintiffs' copyrighted works. Indeed, Defendant fails to address, and thereby concedes, the vast majority of arguments and evidence presented by Plaintiffs in their Motion, including most of the evidence that shows how Defendant is involved with and doing business as AATV and Quality Restreams. Defendant instead attempts to obfuscate the issues by mounting attacks against the sufficiency of a small, cherry-picked subset of Plaintiffs' evidence to argue there are no ongoing or threatened harms, and to disavow his connections to other individuals and entities who are acting in concert with Defendant and the individuals or entities, who, along with Defendant, own or operate those infringing services. But none of Defendant's misguided and meritless arguments do anything to undercut the fundamental need for an injunction that stops the mass-scale infringement occurring here.

## II. PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION SHOULD BE GRANTED

### A. Defendant Concedes the Balance of Hardships Tip in Plaintiffs' Favor and an Injunction Serves the Public Interest

Plaintiffs in their Motion explained how the balance of equities tips in their favor because the threat of harm to Plaintiffs is substantial, while Defendant could not complain of harm arising from having to cease an illegal operation. Mot. at 22-23. Defendant does not argue that he stands to suffer any harm from the requested preliminary injunction, much less present any evidence of any such anticipated harm. Plaintiffs similarly showed how the issuance of a preliminary injunction is in the public interest because a compelling interest is involved here—the upholding

1
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of copyright protections. Mot. at 23-24. Defendant does not, and could not, contest this. Because Defendant failed to respond to these arguments, he waives any argument that these factors do not warrant entry of preliminary injunctive relief here. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (citation omitted) (collecting cases)). Accordingly, Plaintiffs have established the balance of hardships is decidedly in their favor and an injunction is in the public interest.

### B. Defendant Ignores or Misconstrues the Legal and Evidentiary Bases for Plaintiffs' Likelihood of Success on the Merits

Plaintiffs in their Motion established that they were likely to succeed on the merits of their infringement claim because they easily showed that (i) they own or control valid copyrights in the works Defendant exploits and (ii) Defendant's unauthorized streaming services infringe Plaintiffs' exclusive rights to reproduce and publicly perform their Copyrighted Works under 17 U.S.C. §§ 106(1), 106(4). Mot. at 11-19 (citing *e.g.*, *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).

Defendant does not contest that Plaintiffs own or control the Copyrighted Works. Instead, Defendant contends that Plaintiffs failed to submit sufficient evidence to support their claims of direct and secondary infringement. But Defendant's arguments are wrong legally and blatantly disregard the facts and evidence submitted by Plaintiffs in support of their Motion.

#### 1. Plaintiffs Submitted Ample Evidence that Defendant Publicly Performs and Reproduces Plaintiffs' Copyrighted Works

As detailed in Plaintiffs' Motion and supporting declarations and evidence, AllAccessTV ("AATV") is an infringing Internet Protocol television ("IPTV") and

REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025
2
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

video-on-demand ("VOD") service that provides subscribers with unauthorized access to Plaintiffs' Copyrighted Works. Declaration of Jan Van Voorn ("Voorn Decl."), Dkt. No. 16 ¶¶ 6-7. Quality Restreams, meanwhile, is a "content-provider" for various illegal IPTV services, including AATV. *Id*. ¶ 8. Quality Restreams provides IPTV operators, like AATV, (and their customers) with unauthorized access to copyrighted movies and television programs through thousands of live television channels and VOD offerings. *Id*. Plaintiffs explained, in detail, how AATV and Quality Restreams interact and infringe Plaintiffs' Copyrighted Works. Mot. at 4-8; Voorn Decl. ¶¶ 21-25, 28-32, 34, 36, 40-42. Defendant does not address the vast majority of this evidence.

Defendant instead attacks—but only at the margins—the evidentiary basis for Plaintiffs' claim that Defendant uses certain internet domains in the "infringing enterprises" and that "subscribers access infringing content through web-based applications." Opp'n at 3. Defendant argues that screenshots, without URLs, are insufficient to support Plaintiffs' arguments of access because without the URLs, there is "no actual evidence that the websites accused contain the alleged content" and no way to verify Plaintiffs' claims. *Id*.; Mot at 12-13. Defendant cites no authority for this novel proposition, and, in any event, the argument has no merit. Many courts, including those in this District have relied on screenshots as evidence of infringement in similar cases. *See, e.g.*, *Universal City Studios Prods. LLLP v. TickBox TV LLC*, No. CV 17-74960MWF (ASx), 2018 WL 1568698, at *3 (C.D. Cal. Jan. 30, 2018) (screenshots documented pre-lawsuit user experience).

Moreover, Defendant's argument ignores Plaintiffs' unrebutted evidence, including testimony in the investigator's signed declaration, explaining just how these internet domains facilitate the operation of AATV and Quality Restreams operations. As detailed in the Voorn Declaration, many of the domains at issue are used in the sign-up process for a user that wants to ultimately access the AATV platforms, i.e., they are used to promote and facilitate users' access to the infringing

3
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

platforms and materials, not to stream the content. Voorn Decl. ¶¶ 12, 21-30. Other domains are used to source AATV's content and to provide downloads for separate applications to access AATV's live and VOD offerings. *See id.* ¶¶ 29, 42

Similarly, Defendant argues Plaintiffs have not supported their contention that Defendant offers over 600 movie titles and 600 television series for on-demand viewing. Opp'n at 3-4; Voorn Decl. ¶ 37. Defendant's argument is irrelevant and undercut by the very evidence he cites. Plaintiffs established that the evidence in the Voorn Declaration was supported by personal knowledge and the results of the investigation. Voorn Decl. ¶ 3. The investigative team subscribed to and tested Defendant's services and found all of the representative titles listed on Exhibit A to Plaintiffs' Complaint on the AATV platforms ready for streaming. Voorn Decl. ¶¶ 9, 10, 25-26; see Dkt. No. 1-1, Ex. A (Representative List of Copyrighted Works). Further, Plaintiffs offered specific evidence of certain offerings of Plaintiffs' Copyrighted Works on Defendant's VOD platforms. *Id.* ¶ 38, Ex. 21 (*The Godfather*, *Toy Story 3*, *Spider-Man*, *Da 5 Bloods*). This is sufficient to establish direct infringement. Although Defendant attempts to poke holes in the sufficiency of Plaintiffs' evidence, he cannot (and does not) undercut the fundamental premise that he and his cohorts are operating an illegal streaming scheme.

Plaintiffs are likely to succeed on the merits of their direct infringement claim because the undisputed evidence shows that Defendant directly interferes with Plaintiffs' exclusive rights to perform and reproduce the Copyrighted Works.

### 2. Defendant Has Not Refuted Substantial Evidence of Secondary Infringement

In lieu of a substantive defense to secondary infringement, Defendant argues that Plaintiffs fail to provide evidence sufficient to show direct infringement by either end users or the sources of the restreams at issue, citing to *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007), for the proposition that "viewing copyrighted material online, without downloading, copying, or

4
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

retransmitting such material is not copyright infringement." Opp'n at 4. This exact same argument, however, has been rejected by courts in this District.

In *TickBox*, the defendant similarly asserted that "merely viewing copyrighted material online, without downloading, copying, or retransmitting such material, is not actionable." 2018 WL 1568698, at *9. The Court rejected the defendant's application of *Perfect 10*'s holding, concluding that that "the actions of the defendant's customers (i.e., viewing still images or motion pictures without downloading them), standing on their own, do not infringe upon any of the plaintiffs' exclusive rights under the Copyright Act." *Id*. at *10. However, the Court held the defendant "may be held contributorily liable under [*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913 (2005)] and [*Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020 (2013)] because it has served as the intermediary between third parties who directly infringe upon Plaintiffs' public performance rights and its customers, who become a necessary component of the infringement (*i.e*., the audience)." *Id*.. So, too, here.

Plaintiffs have satisfied the knowledge element of their contributory infringement claim by showing that Defendant knows the streaming services are being used to copy Plaintiffs' works without authorization. Mot. at 15-16; Voorn Decl. ¶¶ 17, 27, 49, 51-52. Plaintiffs have also satisfied the material contribution element by demonstrating how Defendant delivers access to customers demanding copies of Plaintiffs' works. Mot. at 17. And Plaintiffs fulfilled the elements of their inducement claim by illustrating how Defendant distributes the infringing services, Voorn Decl. ¶¶ 7-10, 21-48; acts with the object of promoting the infringement, *id*. ¶¶ 16, 45-46; and causes infringement. Mot. at 18-19. The overwhelming evidence of secondary liability for copyright infringement remains undisputed.

      **3.**    **The Injunction is Directed Appropriately at Defendant and Those Who Act in Concert with Him**

Plaintiffs' preliminary injunction asks the Court to enjoin "the individuals or

5
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

entities, who, along with Dwayne Anthony Johnson, own or operate the infringing services of AATV and Quality Restreams," including "all individuals acting in concert or participation or privity with them, including Defendants' resellers." Mot. at 2. Defendant argues that this request is "misdirected and overly broad." Opp'n at 5. Once again, Defendant's arguments are lacking in legal and factual support.

### (i) AATV and Quality Restreams

First, Defendant falsely claims that Plaintiffs have "no support" for the allegation that Defendant is doing business as AATV or Quality Restreams, Opp'n at 5. Plaintiffs' investigator explained how part of any investigation regarding an unauthorized pirate service involves trying to "identify the responsible individuals and entities, as they typically take steps to obscure their involvement with the illicit operation." Voorn Decl. ¶ 11. Plaintiffs' investigator then carefully set forth each of the steps that led to the identification of Defendant as the one who owns, runs and is responsible for the AATV and Quality Restreams services, providing exhibits of each of the pieces of evidence tying him to these operations. *Id.* ¶¶ 11-20.

Notably, regarding AATV, in addition to other factors, Plaintiffs' investigator details that: (i) Defendant is the registrant for allaccessiptv.com and myaatv.com, two domains associated with the AATV service (Voorn Decl. ¶ 14, Exs. 1-2); (ii) Defendant is a registered manager of VPN Safe Vault LLC, a company that bears a virtually identical name to the domain backoffice.vpnsafevault.com, the website through which AATV subscriptions are sold (*id.* ¶ 19, Ex. 9); (iii) Defendant created and administers the private Facebook group MediaBoxx Corporation that was limited exclusively to AATV resellers (*id.* ¶ 17, Ex. 7); and (iv) Defendant offered webinars on how to become an AATV reseller (*id.* ¶ 16, Ex. 6). Regarding Defendant's connections to the Quality Restreams service, among other things, Plaintiffs' investigator detailed that: (i) Defendant has advertised the service on the website IPTV.Community under the name DJ_Boxx, which is connected to the Skype ID "dwayne.johnson34," indicating that Defendant owns and/or operates the

6
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Quality Restreams service (*id.* ¶ 15, Exs. 3-4); (ii) the listed date of birth on DJ_Boxx's profile matches Defendant's date of birth (*id.*); (iii) Defendant is also the registrant for the website myaatv.com at the IP address 23.237.94.34—the same IP address for qsplaylist.com; this IP address is within the same IP address range leased to The MediaBoxx, an entity owned and operated by Defendant (*id.* ¶ 20); and (iv) two of the three domains associated with Quality Restreams (qualityrestreams.com and qsprovider.com) have also been associated with IPs within the range of those leased to The MediaBoxx. *Id.* Defendant cannot escape the fact that he has been doing business as AATV or Quality Restreams.

### (ii) Resellers

Second, Defendant also cannot disclaim responsibility for his network of resellers. Plaintiffs explained how Defendant created and fostered an extensive network of resellers who attract new subscribers to the infringing services (Mot. at 9-10; Voorn Decl. ¶¶ 44-48), and how Defendant uses these resellers to hide the illegal nature of the enterprises (*id.* at 10; Voorn Decl. ¶ 52). Again, Defendant does not disprove this evidence; instead, Defendant argues only that he cannot be responsible for the conduct of resellers. Opp'n at 5. But Defendant cannot escape the fact of the resellers' involvement in this illegal scheme and his role with them. Notably, there is extensive evidence that resellers sign customers up for the service on Defendant's websites. Voorn Decl. ¶ 21. Resellers further market and promote their services to attract new subscribers. *Id.* ¶¶ 44-45. The reseller scheme has dramatically increased Defendant's customer base and profits. *Id.* ¶ 47. Defendant *himself* has advertised the reseller program as a "streaming TV franchise opportunity," *id.* ¶ 46, and has boasted in social media posts that the network has over 600 "[s]ales agents." *Id.* ¶ 47. According to Defendant, he "cannot and does not respond" on behalf of the resellers, but Defendant does not dispute that he posted on social media about the reseller program and connected it to the streaming services. Voorn Decl. ¶¶ 46-47, Exs. 23-24. Defendant's attempt to escape

7
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

application of the injunction to resellers does not withstand scrutiny.

### (iii) VPN Safe Vault LLC

Finally, Defendant argues that the preliminary injunction may not cover VPN Safe Vault LLC ("VPN Safe Vault"), a service that appears to be wholly owned by Defendant (*see* Mot. at 8; Voorn Decl. ¶ 19; Ex. 9), because Plaintiffs did not name the entity as a defendant. Opp'n at 5-6. Defendant further contends that Plaintiffs have not presented evidence that VPN Safe Vault "is participating in any of the activities that they allege constitute copyright infringement," but is, instead, a legitimate business enterprise that merely sells VPN access. *Id*.

Defendant offers no legal authority for the proposition that a preliminary injunction may not enjoin the activities of parties who are not named as defendants to the underlying lawsuit but who are clearly acting in concert with the Defendant, nor could he. Under Federal Rule of Civil Procedure 65(d)(2)(C), a preliminary injunction may apply to parties, their agents, employees and "other persons who are in active concert or participation" with them. Courts routinely rely on that rule in enjoining the activities of non-parties. *See, e.g.*, *Virtue Global Holdings Ltd. v. Rearden LLC*, No. 15-cv-00797-JST, 2016 WL 9045855, at *9 (N.D. Cal. June 17, 2016) (rejecting argument that a non-party could not be enjoined).

Regardless, this argument elides how the illicit streaming scheme actually operates. As the motion made clear, Defendant uses VPN Safe Vault as a portal to sell subscriptions to the AATV service. Voorn Decl. ¶¶ 21, 26, Ex. 15. Although Defendant suggests that Plaintiffs offer no "evidentiary support" for their claim that VPN Safe Vault sells subscriptions to AATV services, Opp'n at 6, Plaintiffs did in fact provide that evidence. In late October 2021, Plaintiffs' investigator called AATV's "support line" and was given verbal instructions to use backoffice.vpnsafevault.com to renew his AATV subscription. *Id*. ¶ 26. Through that website, the investigator renewed his subscription and obtained credentials to access the AATV platforms. *Id*. As that experience illustrates, VPN Safe Vault

8
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

allows Defendant to try to *circumvent* liability for the infringing services. Highlighting the hypocrisy of Defendant's argument, Plaintiffs' investigator confirmed that although Defendant has once again changed the method for purchasing an AATV subscription, Defendant is *still* to this day using the VPN Safe Vault entity to sell those subscriptions and provide credentials to access the AATV services. *See* Supplemental Declaration of Jan Van Voorn ("Supp. Voorn Decl.") ¶¶ 6-7. In sum, although VPN Safe Vault is not itself a website through which customers stream content, it operates to direct users to the infringing content and as a shield for Defendant's infringing activities.

Defendant's various arguments attempting to limit the scope of any injunction issued, even to those acting in concert with him or his businesses, including VPN Safe Vault, only serve to illustrate why a preliminary injunction is needed. Absent an injunction, Defendant will continue to obscure his and others' involvement in the illicit operation and underlying infringement and shift the mechanisms by which customers sign up for and use their streaming services.[1]

**C.**     **Plaintiffs Are Still Likely to Suffer Irreparable Harm Absent Preliminary Relief Despite Certain Domains Being Taken Offline**

While Defendant largely ignores Plaintiffs' arguments for why they stand to suffer irreparable harm, Defendant contends that because "aatvpanel.com" was taken offline and other landing pages of the domains cited do not permit streaming of content, they are not an ongoing threat to Plaintiffs. Opp'n at 3; Voorn Decl. ¶ 27. Initially, not all the sites were used to stream infringing content, but they were all used in furtherance of Defendant's illegal operations. *See* Section II.B.1, above.

Further, voluntary cessation of challenged conduct moots a case "only if it is

---

[1] While Plaintiffs submit that the evidence provided supports extending, the injunction to cover domains associated with VPN Safe Vault LLC pursuant to Rule 65's "acting in concert" provision, because those domains are being used by Defendant to obtain subscribers, Plaintiffs are prepared to amend the Complaint to name VPN Safe Vault LLC as a defendant should the Court deem it necessary.

9
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (per curiam) (citation and internal quotation marks omitted). Here there is ample evidence that Defendant is trying not only to obscure his role in the operations, but make changes to make it harder to track them and the parties involved. Indeed, Plaintiffs have presented extensive evidence that Defendant has changed the method for purchasing and managing AATV subscriptions at least twice. Voorn Decl. ¶ 21; Supp. Voorn Decl. ¶ 6. In late October 2021, one of Plaintiffs' investigators contacted AATV's "support line" and was directed to a new website to renew his subscription. Voorn Decl. ¶ 26. Once he did so, he obtained credentials to access the AATV platforms once again. *Id*. And on February 3, 2022, Plaintiffs' investigator purchased a subscription to the AATV services through yet another website, clientarea.vpnsafevault.com, and received credentials to access the AATV platforms. Supp. Voorn Decl. ¶¶ 6-7. Plaintiffs have confirmed that the AATV services are still accessible to this day using these credentials, permitting the unlawful streaming of their Copyrighted Works. *Id.* ¶¶ 5, 8. It is not surprising that Defendant redirects subscribers to another website, as such activity only serves to further obscure the role of the parties and sites. *See Columbia Pictures Indus., Inc. v. Galindo*, No. 2:20-cv-03129-SVW-GJS, 2020 WL 3124347, at *2 (C.D. Cal. May 11, 2020) ("Due to the diffuse nature of streaming services, it will be difficult for Plaintiffs to discern the full extent of Defendant's copyright violations."). Defendant's argument only illustrates why preliminary injunctive relief is necessary here. Absent an injunction, Defendant may continue to shift the mechanism by which subscribers are directed to the infringing platforms and Plaintiffs only stand to suffer further irreparable harm in the interim.

    **D.    Defendant's "Evidentiary Objections" Lack Merit and Can Be Quickly Overruled**

Defendant posits a number of generalized objections to evidence submitted

10
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

by Plaintiffs, including the entirety of the Voorn Declaration and the Declaration of Steve Kang ("Kang Decl."). Opp'n at 7-10. In doing so, Defendant attempts to hold Plaintiffs to an evidentiary standard that is not applicable to this stage of the proceedings. In considering Plaintiffs' requested preliminary injunction, this Court "is not strictly bound by the rules of evidence." *Galindo*, 2020 WL 3124347, at *1 (granting preliminary injunction). Instead, a "preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Because of the extraordinary nature of injunctive relief, including the potential for irreparable injury if relief is not granted, a district court may consider otherwise inadmissible evidence, including exhibits and declarations. *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Plaintiffs' declarations and exhibits thereto easily meet this standard, and Defendant's other "objections" are easily overcome.

### 1. The Voorn Declaration Supports Plaintiffs' Claims of Copyright Infringement

Defendant offers various irrelevant non-specific objections to the Voorn Declaration, including that Mr. Van Voorn is unreliable and "biased" because he is an investigator with the Motion Picture Association, which Defendant admits is not a party to the litigation, but he alleges is "interested in this litigation." Opp'n at 7.

As an initial matter, courts routinely rely upon evidence collected by investigators retained or employed by plaintiffs when assessing claims of copyright infringement. *See Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936 (KMW), 2011 WL 1641978, at *8 (S.D.N.Y. Apr. 29, 2011) ("Courts have consistently relied upon evidence of downloads by a plaintiff's investigator to establish both unauthorized copying and distribution of a plaintiff's work.") (collecting cases); *Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 150 n. 16 (S.D.N.Y. 2009) ("Defendants' argument that these downloads are not proof of

11
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

unauthorized copying because Plaintiffs had 'authorized' the downloads by their investigators is without merit. Courts routinely base findings of infringement on the actions of plaintiffs' investigators.") (collecting cases). It does not matter that the declarant "is not an independent third-party." Opp'n at 7.

Moreover, Defendant's generalized objection to Mr. Van Voorn's alleged "bias" has no foundation in the law. Defendant appears to offer a two-fold objection to Mr. Van Voorn's declaration (i) that Mr. Van Voorn cannot be an expert because he is "biased," and (ii) Mr. Van Voorn cannot offer "opinions" because he is not an expert. Neither objection has merit. First, putting aside the lack of merit to Defendant's assertion of bias, Mr. Van Voorn is not currently being offered as an expert witness. The declaration is based on personal knowledge and the results of an extensive investigation. Voorn Decl. ¶ 3. Second, while Defendant generally objects to Mr. Van Voorn's "opinions," he identifies no specific statements to which he objects on this ground. Third, to the extent Mr. Van Voorn does make any statements of "opinion," he does so "rationally based on" his first-hand experiential knowledge from other cases. At most, Defendant's objection goes to the weight this Court should give to the Voorn Declaration, rather than its admissibility. *See Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015).

Defendant's remaining evidentiary objections to the Voorn Declaration are equally unavailing. Defendant first objects to Exhibit 1 to the Voorn Declaration, arguing that it does not indicate any "current evidence that Defendant owns the allaccessiptv.com domain" and that it shows the registration for the domain expired on March 23, 2018. Opp'n at 7. Defendant similarly objects to Exhibit 2 of the Voorn Declaration on the ground that it "does not contain any date or timeframe whatsoever on the reply from Domains by Proxy." *Id.* Defendant asserts with respect to both exhibits that by virtue of these alleged issues they do not support Plaintiffs' request for injunctive relief and undermine Plaintiffs' arguments as to

12

REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"ongoing and threatened harms." *Id*. at 7-8. But none of these arguments are evidentiary objections. Rather, they once again go solely to the weight the Court should give this evidence. Moreover, as already set forth in detail above, Defendant misconstrues the purpose for and relevancy of this evidence. As detailed by the Voorn Declaration and Plaintiffs' Motion, both exhibits are used, among a wealth of other evidence, to show Defendant's connections to the AATV and Quality Restreams services. Defendant's non-specific objections to these exhibits should thus be overruled.

Defendant next objects to "at least" Exhibits 3-5, 7, 10-12 and 14-21 on the basis that the screenshots in the exhibits do not show the URL from which they were taken. Opp'n at 8. Again, and as already discussed above, Defendant cites no specific evidentiary objection, or other authority, for this novel proposition, and, in any event, the argument has no merit. In fact, courts in this District have relied on the same type of identifying screenshots in similar cases involving infringing services such as those at issue here. *See TickBox*, 2018 WL 1568698, at *3 (screenshots documented pre-lawsuit user experience). Moreover, the Voorn Declaration attests to the URLs from which the screenshots were taken, a fact Defendant completely ignores.

Defendant's "objections" to alleged "inaccuracies" in the Voorn Declaration are even more puzzling. Opp'n at 8-9. As an initial matter, Defendant once again identifies no evidentiary objection that could apply to these alleged "inaccuracies." Nor could he because Defendant's "objections" are nothing more than a bare conclusory argument as to the weight to be given such evidence. Even if the Court entertains Defendant's unsupported request to take judicial notice of alleged "facts," Defendant once again misses the purpose for which the domains were identified as involved in the illegal enterprise.

Finally, Defendant complains that "[t]here is no identification of the alleged '24/7 support line'" that Mr. Van Voorn contacted to access subscription credentials

13

REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and no screen shots of the text messages provided. Opp'n at 9. But Defendant provides no citation to any legitimate evidentiary objection to the investigator's testimonial evidence of his and his investigative team's actions, nor could he. Furthermore, as has been held in other similar cases "repeated access to Plaintiffs' copyrighted content . . . is sufficient evidence of actual access to that content by . . . users." *TickBox*, 2018 WL 1568698, at *9 (rejecting argument that the declarant's experiences did not provide evidence of users' access to the plaintiffs' content).

Because Defendant offers no legitimate evidentiary objections to the Voorn Declaration or its exhibits, Defendant's generalized objections must be overruled and the Voorn Declaration may be relied upon to conclude that a preliminary injunction is necessary to enjoin the activities of the infringing services.

### 2. The Kang Declaration Supports Plaintiffs' Arguments Regarding Irreparable Harm

Defendant's objection to the entirety of Mr. Kang's declaration, presumably pursuant to Federal Rule of Evidence 602's requirement of personal knowledge, is equally without merit. Opp'n at 9-10. Mr. Kang testified, among other things, that the infringing services usurp Plaintiffs' control over the exercise of their exclusive rights by interfering with their distribution strategies. Kang Decl. ¶¶ 10-11, 21. He also testified that the streaming services harm Plaintiffs' relationships and goodwill with legitimate partners, who negotiate their licenses and abide by contractual restrictions. *Id.* ¶ 25.

Defendant contends that Plaintiffs may not rely on Mr. Kang's declaration because he cannot testify on behalf of entities other than NBCUniversal. Opp'n at 9-10. But this argument has been squarely rejected by numerous courts, including this Court. In *Disney Enterprises, Inc. v. VidAngel, Inc.*, a similar group of plaintiffs argued that they would suffer irreparable harm in the absence of a preliminary injunction against a streamer of their copyrighted works. 224 F. Supp. 3d 957, 975 (C.D. Cal. 2016), *aff'd*, 869 F.3d 848 (9th Cir. 2017). To support that

14
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

argument on behalf of all plaintiffs, the plaintiffs provided a declaration from a senior executive at 20th Century Fox Home Entertainment. *Id*. The defendant argued that the plaintiffs' harms were speculative and that there was no evidence of actual harm other than the declaration of that executive. *Id*. at 976. This Court rejected that assertion, holding that the executive's declaration provided sufficient evidence that the defendant's "service undermines Plaintiffs negotiating position with licensees and also damages goodwill with licensees." *Id*.

Similarly, in *TickBox*, 2018 WL 1568698, at *12, plaintiffs filed a declaration from a senior executive at Warner Bros. to support their argument that they would be irreparably harmed absent preliminary injunctive relief. The Court found the executive's declaration "persuasive" and reasoned that the harms the declarant cited "have been recognized as sufficiently irreparable to support the issuance of a preliminary injunction." *Id*. at *13. *See also Fox Television Stations, Inc. v. FilmOn X LCC*, 966 F. Supp. 2d 30, 49 (D.D.C. 2013) (relying on the declaration of a corporate executive to conclude that all of the plaintiffs had supported their irreparable harm assertions). Significantly, those harms—"interference with relationships with distributors and licensees, and the undermining of the market and Warner Bros.' business model more generally"—are *the same harms* that Plaintiffs would experience here if a preliminary injunction does not issue. *TickBox*, 2018 WL 1568698, at *13; Kang Decl. ¶¶ 10-11, 21, 25.

Mr. Kang's declaration may be relied upon in establishing that all of the Plaintiffs would suffer irreparable harm without a preliminary injunction. Mr. Kang testifies based on his professional experience and personal knowledge. Kang Decl. ¶ 3. His declaration describes harms that are applicable to each of the other Plaintiffs. Defendant's objections should not bar consideration of this evidence.

## III.  CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court granted the motion for a preliminary injunction.

15
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | |
|---|---|
| DATED: February 4, 2022 | DAVIS WRIGHT TREMAINE LLP<br>ELIZABETH A. MCNAMARA<br>SEAN M. SULLIVAN<br>SAMANTHA LACHMAN |

By: */s/ Sean M. Sullivan*
      Sean M. Sullivan

Sean M. Sullivan
Samantha Lachman
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566

Elizabeth A. McNamara
DAVIS WRIGHT TREMAINE LLP
1251 Ave. of the Americas, 21st Floor
New York, New York 10020

Attorneys for Plaintiffs

16
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
4895-1801-4476v.9 0067328-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899