John T. Wilson* (Texas Bar No. 24008284)
Jennifer M. Rynell* (Texas Bar No. 24033025)
eservice@wwr.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice*

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
**LAW OFFICES OF GLENN T. LITWAK**
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 310-858-5574
(F): 310-207-4180

**ATTORNEYS FOR DEFENDANT DWAYNE ANTHONY JOHNSON d/b/a ALLACCESSTV AND QUALITY RESTREAMS**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL TELEVISION LLC; UNIVERSAL CONTENT PRODUCTIONS LLC; DREAMWORKS ANIMATION LLC; DISNEY ENTERPRISES, INC.; PARAMOUNT PICTURES CORPORATION; AMAZON CONTENT SERVICES LLC; APPLE VIDEO PROGRAMMING LLC; WARNER BROS. ENTERTAINMENT INC.; NETFLIX US, LLC; COLUMBIA PICTURES | Case No. 2:21-CV-09361-AB (MRWx) **DEFENDANT DWAYNE ANTHONY JOHNSON d/b/a ALLACCESSTV AND QUALITY RESTREAMS' ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT** Hon. Andre Birotte Jr. |

**DEFENDANT JOHNSON'S ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT**      PAGE 1

| | |
|---|---|
| INDUSTRIES, INC.; and, SCREEN GEMS, INC., | |
| *Plaintiffs,* | |
| vs. | |
| DWAYNE ANTHONY JOHNSON d/b/a ALLACCESSTV AND QUALITY RESTREAMS; AND DOES 1-20, | |
| *Defendants* | |

Defendant Dwayne Anthony Johnson d/b/a ALLACCESSTV and Quality Restreams ("Defendant Johnson") files this Answer to Plaintiffs' Universal City Studios Productions LLLP ("UCSP"), Universal City Studios LLC (formerly known as Universal City Studios LLLP and Universal City Studios, Inc.) ("UCS"), Universal Television LLC (formerly known as NBC Studios, Inc.) ("UT"), Universal Content Productions LLC (formerly known as Universal Network Television LLC) ("UCP"), DreamWorks Animation LLC ("DreamWorks"), Disney Enterprises, Inc. ("Disney"), Paramount Pictures Corporation ("Paramount"), Amazon Content Services LLC ("Amazon"), Apple Video Programming LLC ("Apple"), Warner Bros. Entertainment Inc. ("Warner Bros."), Netflix US, LLC ("Netflix"), Columbia Pictures Industries, Inc. ("Columbia"), Screen Gems, Inc. ("Screen Gems") (collectively "Plaintiffs") Complaint for Copyright Infringement ("Complaint").

Defendant Johnson cannot and does not answer any allegations in the Complaint on behalf of DOES 1-20, i.e., unidentified defendants, named in the Complaint. Accordingly, Defendant Johnson cannot admit or deny any allegations that include or relate to DOES 1-20 and states that Plaintiffs' definition of "Defendants" as used throughout the Complaint is improper. To the extent

Defendant Johnson is required to answer on behalf of DOES 1-20, Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of allegations concerning other factiously named defendants. Further, pursuant to this Court's December 8, 2021 Standing Order (Dkt. No. 13), the fictitiously named DOES 1-20 Defendants should be dismissed as they have not been served within ninety (90) days after the case was filed.

## I.   ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Johnson denies the allegations, characterizations, and unnumbered subheadings in the Complaint unless expressly admitted in the following paragraphs.

To the extent necessary, Defendant Johnson responds to the unnumbered paragraph before the Introduction in Plaintiffs' Complaint. Defendant Johnson admits that Plaintiffs purport to bring their Complaint for direct and secondary copyright infringement under the Copyright Act (17 U.S.C. § 101 et seq.) against Dwayne Anthony Johnson ("Johnson") d/b/a AllAccessTV ("AATV") and Quality Restreams, and DOES 1-20. Defendant Johnson cannot admit or deny any allegation in this paragraph relating to DOES 1-20.  Defendant Johnson admits that Plaintiffs purport that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, and 17 U.S.C. §§ 501, 501(b).

## II.   ANSWER TO INTRODUCTION

1. Defendant Johnson denies the allegations in paragraph 1 of the Complaint.

2. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint regarding "the world's most popular movies and television programs, such as *The Godfather, Harry Potter, Jurassic Park*, and *The Office*." Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint regarding Exhibit A and the allegation that it is a "non-

exhaustive list of works whose copyrights are owned or exclusively controlled by Plaintiffs." Defendant Johnson denies any remaining allegations in paragraph 2 of the Complaint.

3. Defendant Johnson denies the allegations in paragraph 3 of the Complaint.

4. Defendant Johnson denies the allegations in paragraph 4 of the Complaint.

5. Defendant Johnson denies the allegations in paragraph 5 of the Complaint.

6. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint. Defendant Johnson denies any remaining allegations in paragraph 6 of the Complaint.

7. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint about Plaintiffs' actions and motives. Defendant Johnson denies any remaining allegations in paragraph 7 of the Complaint.

### III. ANSWER TO JURISDICTION AND VENUE

8. Defendant Johnson admits that Plaintiffs purport that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 17 U.S.C. § 501(b) as stated in paragraph 8 of the Complaint.

9. Defendant Johnson denies the allegations in paragraph 9 of the Complaint.

10. Defendant Johnson denies the allegations in paragraph 10 of the Complaint.

11. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint regarding where "Plaintiffs maintain either headquarters or offices in California" and "the

location of a significant portion of Plaintiffs' production and distribution operations." Defendant Johnson denies the remaining allegations in paragraph 11 of the Complaint.

12. Defendant Johnson admits that Plaintiffs purport venue is proper in this District pursuant to 28 U.S.C. §§ 1391(6), 1400(a) as stated in paragraph 12 of the Complaint.

## IV.   ANSWER TO THE PARTIES

13. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint.

14. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint.

15. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint.

16. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint.

17. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint.

18. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint.

19. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint.

20. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint.

21. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint.

22. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint.

23. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint.

24. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint.

25. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint.

26. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint.

27. Defendant Johnson admits that he, as an individual, resides in Frisco, Texas. Defendant Johnson denies the remaining allegations in paragraph 27 of the Complaint.

28. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint.

## V.   ANSWER TO BACKGROUND FACTS

29. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint.

30. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint.

31. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint.

32. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint.

33. Defendant Johnson denies the allegations in paragraph 33 of the Complaint.

34. Defendant Johnson denies the allegations in paragraph 34 of the Complaint.

35. Defendant Johnson lacks knowledge or information sufficient to form

a belief about the truth of the allegations in paragraph 35 of the Complaint.

36. Defendant Johnson denies the allegations in the first sentence of paragraph 36 of the Complaint. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 36 of the Complaint.

37. Defendant Johnson denies the allegations in paragraph 37 of the Complaint.

38. Defendant Johnson denies the allegations in paragraph 38 of the Complaint.

39. Defendant Johnson denies the allegations in paragraph 39 of the Complaint.

40. Defendant Johnson denies the allegations in paragraph 40 of the Complaint.

41. Defendant Johnson denies the allegations in paragraph 41 of the Complaint.

42. Defendant Johnson denies the allegations in paragraph 42 of the Complaint.

43. Defendant Johnson denies the allegations in paragraph 43 of the Complaint.

44. Defendant Johnson denies the allegations in paragraph 44 of the Complaint.

45. Defendant Johnson denies the allegations in paragraph 45 of the Complaint.

46. Defendant Johnson denies the allegations in paragraph 46 of the Complaint.

47. Defendant Johnson denies the allegations in paragraph 47 of the Complaint.

48. Defendant Johnson denies the allegations in paragraph 48 of the Complaint.

49. Defendant Johnson denies the allegations in paragraph 49 of the Complaint.

50. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint.

51. Defendant Johnson denies the allegations in paragraph 51 of the Complaint.

52. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the following allegations in paragraph 52 of the Complaint.

53. Defendant Johnson denies the allegations in paragraph 53 of the Complaint.

54. Defendant Johnson denies the allegations in paragraph 54 of the Complaint.

55. Defendant Johnson denies the allegations in paragraph 55 of the Complaint.

56. Defendant Johnson denies the allegations in paragraph 56 of the Complaint.

57. Defendant Johnson denies the allegations in paragraph 57 of the Complaint.

58. Defendant Johnson denies the allegations in paragraph 58 of the Complaint.

59. Defendant Johnson denies the allegations in paragraph 59 of the Complaint.

60. Defendant Johnson denies the allegations in paragraph 60 of the Complaint.

61. Defendant Johnson denies the allegations in paragraph 61 of the

Complaint.

62. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 of the Complaint relating to Plaintiffs' actions and distribution strategies. Defendant Johnson denies any remaining allegations in paragraph 62 of the Complaint.

63. Defendant Johnson denies the allegations in paragraph 63 of the Complaint.

64. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 of the Complaint relating to Plaintiffs' actions and distribution strategies. Defendant Johnson denies any remaining allegations in paragraph 64 of the Complaint.

65. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 of the Complaint relating to Plaintiffs' actions and licensing strategies. Defendant Johnson denies any remaining allegations in paragraph 65 of the Complaint.

66. Defendant Johnson denies the allegations in paragraph 66 of the Complaint.

67. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 of the Complaint about Plaintiffs' actions and motives. Defendant Johnson denies any remaining allegations in paragraph 67 of the Complaint.

## VI. ANSWER TO FIRST CAUSE OF ACTION

68. Defendant Johnson incorporates by reference the above responses to the allegations of the Complaint as if fully set forth herein. Defendant Johnson denies the allegations in paragraph 68 of the Complaint.

69. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 of the Complaint.

70. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 of the Complaint.

71. Defendant Johnson denies the allegations in paragraph 71 of the Complaint.

72. Defendant Johnson denies the allegations in paragraph 72 of the Complaint.

73. Defendant Johnson denies the allegations in paragraph 73 of the Complaint.

74. Defendant Johnson denies the allegations in paragraph 74 of the Complaint.

75. Defendant Johnson denies the allegations in paragraph 75 of the Complaint.

76. Defendant Johnson denies the allegations in paragraph 76 of the Complaint.

## VII. ANSWER TO SECOND CAUSE OF ACTION

77. Defendant Johnson incorporates by reference the above responses to the allegations of the Complaint as if fully set forth herein. Defendant Johnson denies the allegations in paragraph 77 of the Complaint.

78. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 of the Complaint.

79. Defendant Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 of the Complaint.

80. Defendant Johnson denies the allegations in paragraph 80 of the Complaint.

81. Defendant Johnson denies the allegations in paragraph 81 of the Complaint.

82. Defendant Johnson denies the allegations in paragraph 82 of the

Complaint.

83. Defendant Johnson denies the allegations in paragraph 83 of the Complaint.

84. Defendant Johnson denies the allegations in paragraph 84 of the Complaint.

85. Defendant Johnson denies the allegations in paragraph 85 of the Complaint.

86. Defendant Johnson denies the allegations in paragraph 86 of the Complaint.

## VIII. ANSWER TO THIRD CAUSE OF ACTION

87. Defendant Johnson incorporates by reference the above responses to the allegations of the Complaint as if fully set forth herein. Defendant Johnson denies the allegations in paragraph 87 of the Complaint.

88. Defendant Johnson denies the allegations in paragraph 88 of the Complaint.

89. Defendant Johnson denies the allegations in paragraph 89 of the Complaint.

90. Defendant Johnson denies the allegations in paragraph 90 of the Complaint.

91. Defendant Johnson denies the allegations in paragraph 91 of the Complaint.

92. Defendant Johnson denies the allegations in paragraph 92 of the Complaint.

93. Defendant Johnson denies the allegations in paragraph 93 of the Complaint.

94. Defendant Johnson denies the allegations in paragraph 94 of the Complaint.

## IX.  ANSWER TO PRAYER FOR RELIEF

Defendant Johnson denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief in the Complaint or to any relief whatsoever from Defendant Johnson.

## X.  ANSWER TO DEMAND FOR JURY TRIAL

To the extent a response is required, Defendant Johnson admits that Plaintiffs have demanded a trial by jury on all issues triable by jury.

DATED: March 18, 2022         Respectfully submitted,

By: /s/ John T. Wilson
John T. Wilson*
Texas Bar No. 24008284
Jennifer M. Rynell*
Texas Bar No. 24033025
eservice@wwr.com
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088
*Pro Hac Vice

Glenn T. Litwak
State Bar No. 91510
glenn@glennlitwak.com
LAW OFFICES OF GLENN T. LITWAK
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 310-858-5574
(F): 310-207-4180

**Attorneys for Defendant Dwayne Anthony Johnson d/b/a AllAccessTV and Quality Restreams**