1 | ELIZABETH A. MCNAMARA (*Pro Hac Vice*)
  | lizmcnamara@dwt.com
2 | DAVIS WRIGHT TREMAINE LLP
  | 1251 Avenue of the Americas, 21st Floor
3 | New York, New York 10020
  | Telephone: (212) 603-6437
4 | Fax: (212) 489-8340

5 | SEAN M. SULLIVAN (CA State Bar No. 229104)
  | seansullivan@dwt.com
6 | SAMANTHA LACHMAN (CA State Bar No. 331969)
  | samlachman@dwt.com
7 | DAVIS WRIGHT TREMAINE LLP
  | 865 South Figueroa Street, 24th Floor
8 | Los Angeles, California 90017-2566
  | Telephone: (213) 633-6800
9 | Fax: (213) 633-6899

10 | Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL TELEVISION LLC; UNIVERSAL CONTENT PRODUCTIONS LLC; DREAMWORKS ANIMATION LLC; DISNEY ENTERPRISES, INC.; PARAMOUNT PICTURES CORPORATION; AMAZON CONTENT SERVICES LLC; APPLE VIDEO PROGRAMMING LLC; WARNER BROS. ENTERTAINMENT INC.; NETFLIX US, LLC; COLUMBIA PICTURES INDUSTRIES, INC.; and SCREEN GEMS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> DWAYNE ANTHONY JOHNSON d/b/a ALLACCESSTV and QUALITY RESTREAMS; and DOES 1-20, <br><br> Defendants. | Case No. **2:21-cv-09361-AB (MRWx)** <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date: June 3, 2022 <br> Time: 10:00 a.m. <br> Location: 7B <br><br> Action Filed: December 2, 2021 |

By and through their attorneys of record, who are set forth below, the Parties have prepared and hereby submit this jointly signed Scheduling Report following the conference of counsel required by Federal Rule of Civil Procedures 16(b) and 26(f) and Central District Local Rule 26-1 and in advance of the June 3, 2022 Scheduling Conference.

### A. STATEMENT OF THE CASE

This lawsuit arises out of the alleged infringement of Plaintiffs' copyrights in connection with the unauthorized online streaming services, AllAccessTV ("AATV") and Quality Restreams. Plaintiffs allege that Defendant Dwayne Anthony Johnson d/b/a ALLACCESSTV and Quality Restreams ("Defendant Johnson") (and other individuals and entities, who, along with Dwayne Anthony Johnson, own or operate AATV and Quality Restreams) owns and operates AATV, an infringing Internet Protocol television ("IPTV") and video-on-demand ("VOD") service that sells—through an expanding network of resellers—unauthorized access to copyrighted movies and television programs via live and title-curated television channels and VOD offerings and Quality Restreams, which provides copyrighted content to numerous prominent illicit IPTV services, including AATV. Plaintiffs also allege the television channels and VOD features offered by Defendant Johnson through these enterprises exploit the rights—without authorization—to many of Plaintiffs' most popular movies and television programs.

Defendant Johnson disputes Plaintiffs' allegations.

### B. SUBJECT MATTER JURISDICTION

This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 17 U.S.C. § 501(b).

### C. LEGAL ISSUES

The legal issues in this case involve: (i) whether Defendants are liable for the unauthorized transmission and performances of Plaintiffs' Copyrighted Works to members of the public on a mass scale, in violation of Plaintiffs' exclusive rights to

publicly perform the Copyrighted Works, 17 U.S.C. § 106(4); (ii) whether Defendants are liable for infringing upon Plaintiffs' exclusive reproduction rights through the unauthorized copying of the Copyrighted Works for Defendants' 24/7 channels and VOD offerings, *id*. § 106(1); and (iii) whether Defendants are secondarily liable for the infringement of Plaintiffs' exclusive public performance and reproduction rights in the unauthorized copying of the Plaintiffs' Copyrighted Works, including by creating and growing a network of resellers who promote and sell the infringing services.

### D. **PARTIES, EVIDENCE, etc.**

The Parties are Plaintiffs Universal City Studios Productions LLLP, Universal City Studios LLC, Universal Television LLC, Universal Content Productions LLC, DreamWorks Animation LLC, Disney Enterprises, Inc., Paramount Pictures Corporation, Amazon Content Services LLC, Apple Video Programming LLC, Warner Bros. Entertainment Inc., Netflix US, LLC, Columbia Pictures Industries, Inc., and Screen Gems, Inc. (collectively, "Plaintiffs") and Defendant Dwayne Anthony Johnson d/b/a ALLACCESSTV and Quality Restreams ("Defendant Johnson"), and the individuals or entities, who, along with Dwayne Anthony Johnson, own or operate the allegedly infringing services of AATV and Quality Restreams.

The Court's Scheduling Order asks the Parties to identify all subsidiaries, parents, and affiliates:

- Plaintiff Universal City Studios Productions LLLP is a wholly owned indirect subsidiary of Comcast Corporation, a publicly traded company. No other publicly held corporation owns 10% or more of the equity of Universal City Studios Productions LLLP.
- Plaintiff Universal City Studios LLC is a wholly owned indirect subsidiary of Comcast Corporation, a publicly traded company. No other publicly held corporation owns 10% or more of the equity of

Universal City Studios LLC.

- Plaintiff Universal Television LLC is a wholly owned indirect subsidiary of Comcast Corporation, a publicly traded company. No other publicly held corporation owns 10% or more of the equity of Universal Television LLC.
- Plaintiff Universal Content Productions LLC is a wholly owned indirect subsidiary of Comcast Corporation, a publicly traded company. No other publicly held corporation owns 10% or more of the equity of Universal Content Productions LLC.
- Plaintiff DreamWorks Animation LLC is a wholly owned indirect subsidiary of Comcast Corporation, a publicly traded company. No other publicly held corporation owns 10% or more of the equity of DreamWorks Animation LLC.
- Plaintiff Disney Enterprises, Inc. is a wholly owned subsidiary of The Walt Disney Company, a publicly traded company.
- Plaintiff Paramount Pictures Corporation is a wholly owned subsidiary of Paramount Global. Paramount Global is a publicly traded company. National Amusements, Inc., a privately held company, beneficially owns the majority of the Class A voting stock of Paramount Global. Paramount Global is not aware of any publicly held corporation owning 10% or more of its total common stock, i.e., Class A and Class B on a combined basis.
- Plaintiff Amazon Content Services LLC is a wholly owned indirect subsidiary of Amazon.com Inc., a publicly traded company.
- Plaintiff Apple Video Programming LLC is a wholly owned subsidiary of Apple Inc., a publicly traded company.
- Plaintiff Warner Bros. Entertainment Inc. is a wholly owned indirect subsidiary of AT&T Inc., a publicly traded company.

- Plaintiff Netflix US, LLC is a wholly owned subsidiary of Netflix Inc., a publicly traded company.
- Plaintiff Columbia Pictures Industries, Inc. is a wholly owned indirect subsidiary of Sony Group Corporation, a publicly traded company.
- Plaintiff Screen Gems, Inc. is a wholly owned indirect subsidiary of Sony Group Corporation, a publicly traded company.
- Defendant Dwayne Johnson d/b/a AllAccessTV and Quality Restreams, is an individual.
- Defendants Does 1-20.

### E. DAMAGES

Plaintiffs seek damages under the Copyright Act. Pursuant to 17 U.S.C. § 504(a), Plaintiffs have the right to elect, at any time before final judgment is rendered, to recover either their actual damages or statutory damages. Plaintiffs have not yet made a damages election.

Plaintiffs also seek attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

Defendant Johnson has not yet asserted a claim for monetary relief.

### F. INSURANCE

Defendant Johnson has no applicable insurance coverage.

### G. MOTIONS

Plaintiffs filed a motion for preliminary injunction, which was resolved pursuant to a stipulation of the Parties for entry of a stipulated preliminary injunction, which was entered by the Court on February 17, 2022. Subject to further discovery, Plaintiffs may seek leave to add additional defendants. Plaintiffs reserve the right to seek further amendments to the Complaint prior to the deadline set forth in Exhibit A.

Defendant Johnson reserves the right to amend his pleadings including but not limited to adding claims and/or defenses prior to the deadline set forth in Exhibit A.

### H. DISPOSITIVE MOTIONS

**1.** Plaintiffs' Contentions

Plaintiffs anticipate moving for summary judgment on the issue of Defendants' liability.

**2.** Defendant Johnson's Contentions

Based on information currently available, Defendant Johnson does not anticipate filing summary judgment motion(s) but reserves the right to file dispositive motions as additional information becomes available.

### I. MANUAL FOR COMPLEX LITIGATION

This Parties do not believe that this case would benefit from reference to the procedures set forth in the Manual for Complex Litigation.

### J. STATUS OF DISCOVERY

The Parties have had informal discussions regarding the exchange of information but have not engaged in any formal discovery to date.

### K. DISCOVERY PLAN

**1. Initial Disclosures (F.R.C.P. 26(f)(3)(A))**

The Parties propose to exchange initial disclosures on or before July 5, 2022. The Parties do not feel that any other changes in the disclosures under Fed. R. Civ. P. 26(a) should be made.

**2. Subjects On Which Discovery May Be Needed (F.R.C.P. 26(f)(3)(B))**

The Parties anticipate using all discovery methods allowed under the Federal Rules, including depositions, requests for documents, interrogatories and requests for admissions, and potentially entering into an appropriate stipulated protective order.

**Written Discovery:**

Plaintiffs:

Plaintiffs anticipate propounding an initial round of written discovery by July 5, 2022. Plaintiffs anticipate seeking information regarding, *inter alia*, Defendants' liability and the willfulness of their conduct for purposes of the statutory damages available under 17 U.S.C. § 504(c). Plaintiffs also anticipate seeking third-party discovery from individuals or entities, who, along with Dwayne Anthony Johnson, allegedly own or operate the infringing services of AATV and Quality Restreams, and any business partners of Defendant Johnson.

Defendant Johnson:

Defendant anticipates serving discovery on Plaintiffs relating to ownership of the Copyrighted Works, their claims for infringement in this case and any investigation of same, the involvement of the Motion Picture Association in this case and in any investigation, documents relating to other cases brought by Plaintiffs or affiliated parties/entities with claims of copyright infringement as to any/all of the Copyrighted Works including but not limited to discovery of monetary judgments, settlement agreements, and other documents relating to payments received as a result of those cases, any agreements between Plaintiffs and the Motion Picture Association, documents relating to Plaintiffs' and/or the Motion Pictures Association's relationship and involvement with https://torrentfreak.com, and Plaintiffs' alleged damages and attorneys' fees.

**Depositions:**

Plaintiffs:

Plaintiffs anticipate taking the deposition of Defendant Johnson and any other persons responsible for Defendants' alleged transmission, performance and reproduction of the Copyrighted Works at issue.

Defendant Johnson:

Defendant Johnson may need to depose owners, executives, employees, representatives, agents, of and/or witnesses relating to each Plaintiff. Defendant Johnson may need to depose other witnesses as they are discovered.

### 3. Phased Discovery (F.R.C.P. 26(f)(3)(B))

At this time, the Parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues.

### 4. Electronically Stored Information (F.R.C.P. 26(f)(3)(C))

The Parties do not believe there are any issues about disclosure, discovery, or preservation of discoverable information at this time but reserve all rights relating to same. The Parties agree to produce electronically stored information in .tif or native format if practical or, in the alternative, in .pdf or other format following a meet and confer between counsel regarding the form of production.

### 5. Changes In Limitations On Discovery (F.R.C.P. 26(f)(3)(E))

Plaintiffs:

Plaintiffs do not believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Court's Local Rules, nor do Plaintiffs believe that other limitations should be imposed on discovery. In particular, Plaintiffs do not believe they should be limited in the number of discovery requests they can serve, especially where there are no such limitations under the Federal Rules of Civil Procedure or the Court's Local Rules. However, Plaintiffs are willing to agree to coordinate their discovery efforts to avoid serving multiple sets of duplicative requests on Defendants.

Defendant Johnson:

Given the numerosity of Plaintiffs in this matter and the potential for significant and prejudicial amounts of written discovery to be served on Defendant Johnson, Defendant Johnson proposes that Plaintiffs be limited to one joint set of requests for production including no more than fifty (50) requests, one joint set of

no more than thirty-five (35) interrogatories, and one joint set of no more than fifty (50) requests for admission. Defendant Johnson believes these requested limitations are necessary, while still providing both parties a fair opportunity to conduct discovery.

Given the numerosity of Plaintiffs in this matter and the potential for significant and prejudicial number and length of depositions of Defendant Johnson, Defendant Johnson proposes that Plaintiffs collectively be permitted no more than ten (10) hours on the record in any deposition of Defendant Johnson. Defendant Johnson proposes that the length of time provided for in the Federal Rules of Civil Procedure apply to depositions of each Plaintiff and other percipient witnesses.

### 6. Any Other Orders That The Court Should Issue Under Rule 26(c) or Under Rule 16(b) and (c) (F.R.C.P. 26(f)(3)(F))

Plaintiffs' Contentions:

Should Defendants reveal in Initial Disclosures or discovery responses any parties who used Plaintiffs' works without Plaintiffs' authorization, Plaintiffs may move to add such entities as parties to this action in place of Doe Defendants or may seek leave of Court to add additional parties if necessary (F.R.C.P. 16(c)(2)(B)). Plaintiffs reserve the right to make other amendments consistent with the Federal Rules.

Plaintiffs do not anticipate any proposal or issue regarding special procedures, severance, bifurcation, or other ordering proof (F.R.C.P. 16(c)(2)(L)-(N)).

Defendant Johnson's Contentions:

The Court's Standing Order [Dkt. No. 13] states: "Any Defendant(s), including "DOE" or fictitiously named Defendant(s), not served within 90 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m)." DOES 1-20 have not been identified and were not served within ninety days after the case

was filed. Accordingly, Defendant Johnson requests that the DOE defendants be dismissed.

Defendant Johnson reserves all rights to oppose any amendment of pleadings and/or joinder of parties by Plaintiffs.

Defendant Johnson believes it is likely the Parties will request that the Court issue a protective order and will work with Plaintiffs towards a stipulated order.

Defendant Johnson does not currently anticipate any proposal or issue regarding special procedures, severance, bifurcation, or other ordering proof (F.R.C.P. 16(c)(2)(L)-(N)).

### L. Discovery Cut-Off Date (F.R.C.P. 26(f)(3)(B))

The Parties propose a discovery cut-off date of October 21, 2022.

### M. EXPERT DISCOVERY

The Parties propose dates for expert discovery as follows:

Initial Disclosure: October 21, 2022

Rebuttal: November 18, 2022

Cut-off: December 12, 2022.

### N. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

The Parties have had and continue to engage in settlement discussions. The Parties have agreed that they prefer private mediation.

### O. TRIAL ESTIMATE

Plaintiffs have requested a jury trial. The Parties currently estimate the trial in this matter to last between five to eight Court days, depending on the number of issues that may be resolved on summary judgment.

### P. TRIAL COUNSEL

Plaintiffs' Trial Counsel: Elizabeth A. McNamara, Sean M. Sullivan.

Defendants' Trial Counsel: John T. Wilson, Jennifer M. Rynell.

## Q. INDEPENDENT EXPERT OR MASTER

The Parties presently do not believe this case requires the Court to appoint a master pursuant to Rule 53.

## R. SCHEDULE WORKSHEET

The Parties have set forth their respective positions on a case timetable on the Court's Scheduling Worksheet, which is attached as Exhibit A.

## S. OTHER ISSUES

The Parties do not at this time have other issues to raise with the Court.

DATED: May 20, 2022                    DAVIS WRIGHT TREMAINE LLP

By: /s/ Sean M. Sullivan
      Sean M. Sullivan

Elizabeth A. McNamara
Sean M. Sullivan
Samantha Lachman
DAVIS WRIGHT TREMAINE LLP

Attorneys for Plaintiffs

DATED: May 20, 2022                    WILSON LEGAL GROUP P.C.

By: /s/ Jennifer M. Rynell
      Jennifer M. Rynell

John T. Wilson (Texas Bar No. 24008284)
Jennifer M. Rynell (Texas Bar No. 24033025)
eservice@wilsonlegalgroup.com
WILSON LEGAL GROUP P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088

Glenn T. Litwak (State Bar No. 91510)
glenn@glennlitwak.com
LAW OFFICES OF GLENN T. LITWAK
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 310-858-5574
(F): 310-207-4180

Attorneys for Defendant

JOINT RULE 26(f) REPORT

10

## L.R. 5-4.3.4 Attestation

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed on this document, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: May 20, 2022

DAVIS WRIGHT TREMAINE LLP

By: */s/* Sean M. Sullivan
      Sean M. Sullivan

Elizabeth A. McNamara
Sean M. Sullivan
Samantha Lachman
DAVIS WRIGHT TREMAINE LLP

Attorneys for Plaintiff

**ATTACHMENT "A"**

**JUDGE ANDRÉ BIROTTE JR.**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court <u>ORDERS</u> the parties to make every effort to agree on dates.*

| Case No. 2:21-cv-09361-AB (MRWx) | Case Name: *Universal City Studios Productions LLLP et al v. Dwayne Anthony Johnson* | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Check one: [X] Jury Trial  or  [ ] Court Trial (*<u>Tuesday</u>* at 8:30 a.m., within 18 months after Complaint filed) Estimated Duration: __5-8__ Days | | 05/30/2023 | 05/30/2023 | [ ] Jury Trial [ ] Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (*Friday* at 11:00 a.m., at least 17 days before trial) | | 05/12/2023 | 05/12/2023 | |
| **Event** [1] *Note:* Hearings shall be on Fridays at 10:00 a.m. Other dates can be any day of the week. | **Weeks Before FPTC** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Last Date to <u>*Hear*</u> Motion to Amend Pleadings /Add Parties *[Friday]* | | 09/30/2022 | 09/30/2022 | |
| Non-Expert Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 17 | 10/21/2022 | 10/21/2022 | |
| Expert Disclosure (Initial) | | 10/21/2022 | 10/21/2022 | |
| Expert Disclosure (Rebuttal) | | 11/18/2022 | 11/18/2022 | |
| Expert Discovery Cut-Off | 12[2] | 12/12/2022 | 12/12/2022 | |
| Last Date to <u>*Hear*</u> Motions  *[Friday]* • Rule 56 Motion due at least 5 weeks before hearing • Opposition due 2 weeks after Motion is filed • Reply due 1 week after Opposition is filed | 12 | 02/17/2023 | 02/17/2023 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] <u>Select</u> one:  [ ] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [X] 3. Private Mediation | 10 | 03/03/2023 | 03/03/2023 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** • Motions In Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)* • Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 04/21/2023 | 04/21/2023 | |
| **Trial Filings (second round)** • Oppositions to Motions In Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions *(jury trial only)* • Disputed Proposed Jury Instructions *(jury trial only)* • Joint Proposed Verdict Forms *(jury trial only)* • Joint Proposed Statement of the Case *(jury trial only)* • Proposed Additional Voir Dire Questions, if any *(jury trial only)* • Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 4/28/2023 | 4/28/2023 | |

---

[1]  **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. <u>*Class actions and patent and ERISA cases in particular may need to vary from the above.*</u>**

[2]  **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**